IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES F. FOOTE,

    Plaintiff,

v.

JAMES A. POLK, POLKS MEAT
PRODUCTS and INDIANHEAD
FOOD DISTRIBUTOR,

    Defendants.

OPINION and ORDER

Case No. 16-cv-641-wmc

*Pro se* plaintiff James F. Foote, an inmate at the Stanley Correctional Institution, has filed a proposed lawsuit against defendants James A. Polk, Polks Meat Products and Indianhead Food Distributor. He alleges that he injured his mouth while eating a sausage that was processed by Polks Meat Products and distributed by Indianhead Food. He seeks to bring state law claims for negligence, strict liability and violation of the implied warranty of merchantability. Normally, the next step would be for the court to screen Foote's complaint under 28 U.S.C. § 1915A. Before doing so, however, the court must address a jurisdictional concern.

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Generally, federal courts like this one may only exercise jurisdiction over a case in one of two situations: (1) the plaintiff brings a claim that arises under federal law, 28 U.S.C. § 1331; or (2) the plaintiff and defendants are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. Here, Foote is not bringing any federal claims, so the only way to invoke this court's jurisdiction is to establish diversity jurisdiction under § 1332.

1

The court cannot determine from the allegations in Foote's complaint whether it has matter jurisdiction over his claims. Foote states that he is seeking $150,000 in damages, so the amount in controversy is satisfied. However, Foote does not provide sufficient allegations regarding the parties' citizenship. With respect to the defendants, Foote alleges that James Polk and Polks Meat Products are citizens of Mississippi and that Indianhead Food Distributor is headquartered and located in Eau Claire, Wisconsin. So far so good. However, the problem is with Foote's allegations regarding his own citizenship. Foote alleges only that he resides at the Stanley Correctional Institution in Stanley, Wisconsin. However, a prisoner is a citizen of "the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state." *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002). Therefore, Foote must provide information about where he was a citizen *prior* to his incarceration or, to the extent it is a different state, where he intends to live *after* he is released.

If Foote's allegations regarding his own citizenship confirm that he *is* a citizen of Wisconsin (either because he lived here prior to his incarceration or because he intends to remain after he is released), then that would mean both Foote and Indianhead Food are citizens of Wisconsin. Under those circumstances, this court would *not* have subject matter jurisdiction over this dispute under § 1332 because the parties' citizenship would not be completely diverse. Foote would need to pursue his state law claims in state court. Accordingly, the court must determine the citizenship of each of the parties before this case may proceed further.

ORDER

IT IS ORDERED that plaintiff James F. Foote may have until December 23, 2016 to file an amended complaint that clarifies each parties' citizenship and establishes that this court has subject matter jurisdiction over his claims. If Foote fails to file an amended complaint by that date, this case will be forwarded to the presiding judge for dismissal.

Entered this 6th day of December, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge